# EXHIBIT A



**E-Notice**

2017-CH-13450
CALENDAR: 10

To: David Jonathon Fish
dfish@fishlawfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

KEITH  HORIST vs. SUDLER AND COMPANY
2017-CH-13450

The transmission was received on 10/05/2017 at 3:40 PM and was ACCEPTED with
the Clerk of the Circuit Court of Cook County on 10/05/2017 at 4:01 PM.

CHANCERY_ACTION_COVER_SHEET (CHANCERY DIVISION)

COMPLAINT

Filer's Email:    dfish@fishlawfirm.com
Filer's Fax:      (630) 929-7590
Notice Date:      10/5/2017 4:01:50 PM
Total Pages:      23

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
COOK COUNTY
RICHARD J. DALEY CENTER, ROOM 1001
CHICAGO, IL 60602

(312) 603-5031
courtclerk@cookcountycourt.com

**Chancery Division Civil Cover Sheet - General Chancery Section**      (Rev. 12/30/15) CCCH 0623

## IN THE CIRCUIT CIVIL COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, COUNTY DIVISION

| | |
|---|---|
| KEITH HORIST | |
| **Plantiff** | **No.** |
| v. | |
| SUDLER AND COMPANY | |
| **Defendant** | |

> ELECTRONICALLY FILED
> 10/5/2017 3:40 PM
> 2017-CH-13450
> CALENDAR: 10
> CIRCUIT COURT OF
> COOK COUNTY, ILLINOIS
> CHANCERY DIVISION
> CLERK DOROTHY BROWN

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be fi led with the initial complaint in all actions fi led in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

0005 ☐ Administrative Review
0001 ☑ Class Action
0002 ☐ Declaratory Judgment
0004 ☐ Injunction

0007 ☐ General Chancery
0010 ☐ Accounting
0011 ☐ Arbitration
0012 ☐ Certiorari
0013 ☐ Dissolution of Corporation
0014 ☐ Dissolution of Partnership
0015 ☐ Equitable Lien
0016 ☐ Interpleader
0017 ☐ Mandamus
0018 ☐ Ne Exeat

0019 ☐ Partition
0020 ☐ Quiet Title
0021 ☐ Quo Warranto
0022 ☐ Redemption Rights
0023 ☐ Reformation of a Contract
0024 ☐ Rescission of a Contract
0025 ☐ Specific Performance
0026 ☐ Trust Construction
0027 ☐ Foreign Transcript
0085 ☐ Petition to Register Foreign Judgment
     ☐ Other (specify) _____

By: /s DAVID JONATHON FISH

☑ Atty. No.: 44086      ☐ Pro Se 99500
Name: FISH DAVID J
Atty. for: KEITH HORIST
Address: 200E 5TH AVE 123
City/State/Zip: NAPERVILLE, IL 60563
Telephone: (630) 355-7590
Primary Email Address:
dfish@fishlawfirm.com
Secondary Email Address(es):
admin@fishlawfirm.com

Pro Se Only: ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

_____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
CALENDAR: 10
PAGE 1 of 22
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| KEITH HORIST, JOSHUA EYMAN and LORI EYMAN | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. _____ |
| SUDLER AND COMPANY d/b/a SUDLER PROPERTY MANAGEMENT, HOMEWISE SERVICE CORP., INC., and NEXTLEVEL ASSOCIATION SOLUTIONS, INC., | ) ) ) ) ) ) |
| Defendants. | ) ) |

## CLASS ACTION COMPLAINT

Plaintiff Keith Horist ("Plaintiff Horist") and Plaintiffs Joshua Eyman and Lori Eyman

("Eyman Plaintiffs") (collectively referred to as "Plaintiffs"), on behalf of themselves and all

others similarly situated, by their undersigned attorneys, file this Class Action Complaint

against Defendants Sudler and Company, doing business as Sudler Property Management

("Sudler"), HomeWise Service Corp., and NextLevel Association Solutions, Inc. (collectively

referred to and doing business as "HomeWise") (collectively "Defendants"). Plaintiffs allege

violations of the Illinois Consumer Fraud Act, 815 ILCS 505/1, et seq. (also referred to as the

"Consumer Fraud Act"), the Illinois Condominium Property Act, 705 ILCS 605/1, et seq.

(also referred to as the "Condo Act" or "ICPA"), and other causes of action, as set forth

herein, based upon Plaintiffs' personal knowledge of and Plaintiffs' own acts, and information

and belief as to all other matters.

1

## INTRODUCTION

1.     This action seeks to recover the unlawful and excessive fees that Defendants have charged Plaintiffs-sellers for the documents necessary to close on the sale of their condominiums.

2.     In Illinois, whenever a homeowner sells their condominium, as part of the "resale" process, the condo association must provide what is commonly referred to in the industry as "Disclosure Documents," a "22.1 Package," or "Compliance Package," containing documents such as the condo association's rules and declarations, and those other documents identified in Section 22.1 of the Condo Act (765 ILCS 605/22.1). These statutorily-required resale documents are referred to herein as the "Disclosure Documents."

3.     The Condo Act states that associations may charge a "reasonable fee covering the direct out-of-pocket cost" of providing and copying the Disclosure Documents. 765 ILCS 605/22.1(c). This law is, in part, a codification of the long-standing recognition that associations are fiduciaries to their members and should not benefit unfairly at their expense.

4.     The actual cost of providing the Disclosure Documents is nominal; they are typically provided in PDF form (an electronic "portable document file"), downloadable from an internet portal or emailed. Moreover, the PDFs are in large part identical from seller to seller within the same association, with little or no individualized variation. Therefore, there is little or no "direct out-of-pocket cost" in connection with providing them, and no "copying" at all in any traditional sense of that word.

5.     Despite the nominal expense associated with providing the Disclosure Documents, Defendants charge hundreds of dollars to each seller – almost none of which is a "reasonable," "direct" or "out-of-pocket cost" as permitted by law.

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 2 of 22

6.     The Defendants here are not the condo associations themselves, but, as described below, the agents or subagents of the associations. As such, in carrying out their duties, Defendants are obligated to comply with Illinois law when acting on behalf of the associations.

7.     Defendant Sudler is a large property management company that contracted to manage Plaintiffs' condo associations and other associations. It assumed the responsibility of supplying Disclosure Documents to its managed associations' residents, and then entered into an agreement with Defendant HomeWise, an internet company, to supply Disclosure Documents via a website.

8.     As agents and subagents of condo associations with knowledge of the law, and by virtue of their central role in the resale process, Defendants Sudler and HomeWise have an obligation to comply with the laws limiting charges for Disclosure Documents.

9.     Instead, in a manner contrary to the intent of the Illinois legislature and the public policy of Illinois, Defendants together conceived and implemented a plan and scheme to transform what are supposed to be low-cost Disclosure Documents into a high-priced "profit center." Defendants force association members such as Plaintiffs to utilize HomeWise to obtain their Disclosure Documents, and HomeWise then requires payment of hundreds of dollars to provide those documents. Although on its Internet site, from which a condo seller downloads Disclosure Documents, HomeWise advertises that Sudler and the associations it manages follow the law in providing Disclosure Documents with the "goal" of keeping "the fees as low as possible," that clearly is not so.

**PARTIES**

10.    Plaintiff Horist is a natural person now residing in the state of Illinois.

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 3 of 22

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 4 of 22

11.    Until June 2017, Plaintiff Horist owned a condominium unit located at 400 E. Ohio Street, Unit 3602, Chicago, Illinois (the "Horist Property"), and a was a member of 400 East Ohio Condominium Association ("400 East Ohio Association").

12.    The Horist Property was a "Unit" as defined in the ICPA, 765 ILCS 605/2(d), and Plaintiff Horist was a "Unit Owner" as defined in 765 ILCS 605/2 (g). Plaintiff Horist and the Horist Property were subject to the Condo Act pursuant to 765 ILCS 605/2.1.

13.    Plaintiffs Joshua Eyman and Lori Eyman, husband and wife, are natural persons residing in the state of Illinois.

14.    Until March 2017, the Eyman Plaintiffs owned a condominium unit located at 1515 S. Prairie Ave, Unit 1014, Chicago, Illinois (the "Eyman Property"). As such, the Eyman Plaintiffs were members of (808) Prairie House at Central Station Association ("Prairie House Association")

15.    The Eyman Property was a "Unit" as defined in the ICPA, 765 ILCS 605/2(d), and the Eyman Plaintiffs were "Unit Owner[s]" as defined in 765 ILCS 605/2 (g).  The Eyman Plaintiffs and the Eyman Property were subject to the Condo Act pursuant to 765 ILCS 605/2.1.

16.    Defendant Sudler is a property management company headquartered in Chicago, Illinois which manages more than 100 associations representing approximately 20,000 residential units.  It agreed with non-Defendants 400 East Ohio Association and Prairie House Association to manage their operations and to provide Disclosure Documents required by the ICPA to prospective sellers such as Plaintiffs.

17.    Defendant HomeWise is a corporation operating nationwide, headquartered in Fairfield, California.  It contracted to supply, via the Internet, electronic copies of Disclosure

4

Documents needed by sellers of condominiums in Illinois by virtue of 765 ILCS 605, et seq., whose associations were managed by Defendant Sudler.

18.     As to each of the associations that it manages, Sudler has a drop-down menu on its Internet site for its associations' homeowners who need "Selling Info." Regardless of the association selected, the Internet site forwards the person seeking "Selling Info" directly to the HomeWise Internet site to obtain Disclosure Documents.

## RELEVANT NON-PARTIES

19.     The 400 East Ohio Association and Prairie House Association are both a "Unit Owners Association" or "Association" within the meaning of 765 ILCS 605/2 (o). As such, they are subject to the Condo Act.

## JURISDICTION AND VENUE

20.     This Court has jurisdiction over the parties and this action because Defendants transact or transacted business within the State of Illinois and committed tortious acts within the State of Illinois.

21.     Venue is proper in this Court under 735 ILCS 5/2-101 because the transaction or transactions out of which the causes of action arise, or some part thereof, occurred in Cook County. Defendants are doing business in Cook County.

## FACTS

### Plaintiff Horist

22.     During 2017, Plaintiff Horist contracted to sell the Horist Property. Such a sale is referred to in the Condo Act as a "resale."

23.     Plaintiff Horist's condominium association, 400 East Ohio Association, had contracted with Defendant Sudler to manage the association's operations, including the

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 5 of 22

provision of the Disclosure Documents required in 765 ILCS 605/22.1. Sudler in turn made arrangements with Defendant HomeWise to supply such Disclosure Documents.

24.     In or about June 2017, Plaintiff Horist, through his agents, properly demanded the Disclosure Documents he needed for his sale.

25.     Plaintiff Horist had no reasonably practical means to access the Disclosure Documents other than through HomeWise. Defendant Sudler provides these documents for 400 East Ohio Association and uniformly directs all sellers in associations that it manages to HomeWise.

26.     Plaintiff Horist obtained the Disclosure Documents via HomeWise. HomeWise charged him $240 as follows: $155 for a Paid Assessment Letter, $80 for a 22.1 Resale Certificate, and $5 for a "Convenience Fee".

27.     Plaintiff Horist could not sell, and was unable to sell, the Horist Property without the Disclosure Documents. The Condo Act requires them, and it is a standard condition of closing to require the seller to provide such Disclosure Documents.

28.     Plaintiff Horist had a contractually agreed closing date for the sale of the Horist Property when he made his request to HomeWise.

29.     Plaintiff Horist, through his agent, made the required payment to HomeWise. Plaintiff's payment for the Disclosure Documents was made under duress and was not voluntarily made with full knowledge of the facts.

**Eyman Plaintiffs**

30.     During 2017, the Eyman Plaintiffs contracted to sell the Eyman Property.

31.     The Eyman Plaintiffs' condominium association, Prairie House Association, had contracted with Defendant Sudler to manage the association's operations, including the

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 6 of 22

provision of the Disclosure Documents required in 765 ILCS 605/22.1. Sudler in turn made arrangements with Defendant HomeWise to supply such Disclosure Documents.

32.     In or about February 2017, the Eyman Plaintiffs, through their agents, properly demanded the Disclosure Documents they needed for their sale.

33.     The Eyman Plaintiffs had no reasonably practical means to access the Disclosure Documents other than through HomeWise. The Defendant Sudler provides these documents for Prairie House Association and uniformly directs all sellers in associations that it manages to HomeWise.

34.     The Eyman Plaintiffs obtained the Disclosure Documents via HomeWise. HomeWise charged him $365 as follows: $155 for a Paid Assessment Letter, $205 for a "22.1 Resale Disclosure Package w/ Assoc Docs" and $5 for a "Convenience Fee".

35.     The Eyman Plaintiffs could not sell, and were unable to sell, the Eyman Property without the Disclosure Documents. The Condo Act requires it, and it is a standard condition of closing to require the seller to provide such Disclosure Documents.

36.     The Eyman Plaintiffs had a contractually agreed closing date for the sale of the Eyman Property when they made their request to HomeWise.

37.     The Eyman Plaintiffs, through their agent, made the required payment to HomeWise. Plaintiff's payment for the Disclosure Documents was made under duress and was not voluntarily made with full knowledge of the facts.

**The Condo Act**

38.     Under the Illinois Condominium Property Act, or Condo Act, 765 ILCS 605/22.1(a):

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 7 of 22

7

    (a) In the event of any resale of a condominium unit by a unit owner … such owner shall obtain from the Board of Managers and shall make available for inspection to the prospective purchaser, upon demand, the following:

       (1) A copy of the Declaration, by-laws, other condominium instruments and any rules and regulations.

       (2) A statement of any liens, including a statement of the account of the unit setting forth the amounts of unpaid assessments and other charges due and owing as authorized and limited by the provisions of Section 9 of this Act or the condominium instruments.

       (3) A statement of any capital expenditures anticipated by the unit owner's association within the current or succeeding two fiscal years.

       (4) A statement of the status and amount of any reserve or replacement fund and any portion of such fund earmarked for any specified project by the Board of Managers.

       (5) A copy of the statement of financial condition of the unit owner's association for the last fiscal year for which such statement is available.

       (6) A statement of the status of any pending suits or judgments in which the unit owner's association is a party.

       (7) A statement setting forth what insurance coverage is provided for all unit owners by the unit owner's association.

       (8) A statement that any improvements or alterations made to the unit, or the limited common elements assigned thereto, by the prior unit owner are in good faith believed to be in compliance with the condominium instruments.

       (9) The identity and mailing address of the principal officer of the unit owner's association or of the other officer or agent as is specifically designated to receive notices.

39.    765 ILCS 605/22.1(b) provides:

The principal officer of the unit owner's association or such other officer as is specifically designated shall furnish the above information when requested to do so in writing and within 30 days of the request.

40.    765 ILCS 605/22.1(c) provides in relevant part:

A reasonable fee covering the direct out-of-pocket cost of providing such information and copying may be charged by the association or its Board of Managers to the unit seller for providing such information.

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 8 of 22

8

**Defendants' Scheme**

41.     The amount Defendants charged Plaintiffs for their Disclosure Documents was greatly in excess of the "reasonable fee covering the direct out-of-pocket cost of providing such information and copying" permitted by 765 ILCS 605/22.1(c).

42.     On information and belief, Defendant HomeWise retained only the so-called "click fee," that is, a portion of the fees that it charged the Plaintiffs.

43.     The remainder, the majority of amount each Plaintiff paid, went to Defendant Sudler.

44.     On information and belief, the "click fee" amount is a much closer approximation of the reasonable, direct, out-of-pocket costs for copying and providing Disclosure Documents than is the excessive fee charged by HomeWise.

45.     HomeWise tacitly admits its charges exceed those permitted by statute, stating on its website that part of its charges covers not just direct, out-of-pocket copying and providing expense but some unspecified "associated risk" arising from supplying Disclosure Documents. The Condo Act does not authorize charges for "risk," but only reasonable, direct, out-of-pocket costs of copying and providing the Disclosure Documents.

46.     Persons such as Plaintiffs and Class members are especially vulnerable in connection with their dealings with HomeWise in that at the time the charges are assessed, sellers are immersed in selling their home, usually the largest single financial transaction in a person's life, and one attended by many complicated legal and other questions, as well as contractually obligated closing dates. In addition, sellers are "on the way out" of their condominium associations, and will not continue to be association members, and as such have no leverage or practical means via normal internal association remedies to challenge unfair

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 9 of 22

practices such as excessive seller fees, such as voting or appearing at association meetings. Moreover, sellers likely have no idea (and no reason to know) before asking for the Disclosure Documents that they would be charged so much to get them.

47. The money paid to HomeWise over and above the "click fee" is at least indirectly paid to the condominium association in that, without this source of revenue, Sudler would likely find it necessary to charge the Plaintiffs' association and other associations more for its services. Thus, in economic effect, a portion of the money paid to HomeWise goes back to the associations. This further demonstrates that at least some portion of the fees charged by HomeWise for Disclosure Documents is not actually for copying and providing such documents. Rather, the money benefits the association, which has no role in such copying and providing, let alone being a permissible direct, reasonable out-of-pocket cost of copying or providing. Money paid by HomeWise to the management company, which also indirectly benefits the associations, cannot be claimed to be a "cost" to the association.

48. Defendant HomeWise, Defendant Sudler and the associations all knew the amount charged to Plaintiffs greatly exceeded the reasonable charges allowed under the Condo Act.

49. Defendants were aware of the relevant provisions of the Condo Act. Sudler's principals are licensed by the State of Illinois as Community Association Managers under 225 ILCS 427/1 et seq.

**Public Policy**

50. It is the public policy of the State of Illinois that charges for Disclosure Documents supplied pursuant to the Condo Act, 765 ILCS 605/22.1(c) be minimal and limited to those set forth in the statute.

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 10 of 22

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 11 of 22

51.     It is the public policy of the State of Illinois that condominiums be freely transferrable without the hindrance and inconvenience of excessive costs and fees, and that the Disclosure Documents described in the Condo Act be freely and inexpensively available in order to encourage and facilitate sales, to encourage sellers to make full and timely disclosures to the buyers regarding the financial stability of the condominium as well as the management, rules and regulations which affect the unit being purchased, to prevent outgoing sellers from having to subsidize either their former association or its management company and to prevent prospective purchasers from buying a unit without being fully informed regarding the management, rules and regulations thereof, as set forth in the documents.

52.     The legislature would not have protected sellers such as Plaintiffs only to give the associations, their agents and co-actors and co-conspirators, a means to unilaterally reduce, eliminate or "end run" this protection.

53.     Because the Condo Act requires sellers to pay for the Disclosure Documents, and the associations delegate the document provision function to Defendant Sudler, which in turn uniformly requires all sellers of homes in associations that it manages to utilize HomeWise, and HomeWise will not provide the Disclosure Documents unless the seller pays what HomeWise requires, Plaintiffs and Class members, as sellers, have little alternative but to submit to the improper and unlawful excessive fees.

54.     The unfair and improper conduct of which Plaintiffs and the Class complain is oppressive and causes consumers such as Plaintiffs and the Class substantial injury in the form of Disclosure Document fees in excess of those permitted by Illinois statutes.

55.     Allowing Defendants to impose and retain excessive charges for Disclosure Documents required on resale, such as the excessive charges imposed and collected by

11

HomeWise and/or "rebated" to Sudler, would "end run" and thereby frustrate the intent of the Illinois legislature, and enable Defendants to impermissibly take away a right to be free of excessive charges given to condominium sellers by the legislature.

56.     Defendant Sudler and the non-defendant associations, if acting in the best interest of sellers such as Plaintiffs, could make the Disclosure Documents available on their own Internet sites or otherwise at little or no cost.

57.     Under Illinois law, and as Defendants knew or should have known, the associations owed a fiduciary duty to their members such as Plaintiffs to follow Illinois law and otherwise act in their best interests.

58.     All condominium associations which retained Defendant Sudler and provided Disclosure Documents through HomeWise owe similar fiduciary duties to their members.

59.     Defendants, as agents of the associations, owed fiduciary duties to association members such as Plaintiffs and the Class.

60.     All Class members were members of an association that retained Sudler.

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 12 of 22

## JOINT ACTION/AIDING AND ABETTING/CONSPIRACY ALLEGATIONS

61.     Defendants acted jointly and in concert with each other and with Plaintiffs' and Class members' associations and with full knowledge of each other's role in charging fees in excess of those permitted by 765 ILCS 605/22.1(c) and in circumventing or seeking to circumvent the requirements of 765 ILCS 605/22.1(c).

62.     Defendants' purpose and intent in engaging in the conduct complained of herein was to enable Defendants to profit by means that violate the Condo Act and Illinois public policy at the expense of the Plaintiffs and other condominium sellers.

63.     It was Defendants' knowing purpose and intent to act individually and jointly in concert with each other and with Plaintiffs' associations to charge Plaintiffs and other Class members fees in excess of those permitted by law.

64.     Defendants aided and abetted one another in charging Plaintiffs and other Class members fees in excess of those permitted by law.

65.     Defendants conspired and agreed with each other to charge Plaintiffs and other Class members fees in excess of those permitted by law.

66.     Defendants breached their fiduciary duty, individually and/or acting in concert or by agreement, or aided and abetted one another, to induce Plaintiffs' and Class members' associations to breach their fiduciary duties to Plaintiffs and other Class members by allowing, encouraging or agreeing that Plaintiffs and other Class members would be charged fees in excess of those permitted by 765 ILCS 605/22.1(c).

## CLASS ACTION ALLEGATIONS

67.     Pursuant to 735 ILCS 5/2-801, et seq., Plaintiffs bring this action individually and as a class action on behalf of the following Class:

> All persons or entities who sold one or more condominium units and whose condominium association was, at the time of such resale, managed by Defendant Sudler and who were charged by or paid fees to HomeWise in connection with resale of such condominium Unit.

68.     The Class is so numerous that joinder of all members is impracticable. Sudler states on its website that it manages in excess of 20,000 residential units in over 100 different community associations throughout the Chicagoland area.

69.     There are questions of fact or law common to the Class which common questions predominate over any questions affecting only individual members. Among these common questions are:

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 13 of 22

13

(a) Whether the Condo Act Act limit fees to condominium sellers for information as described in the Condo Act to those fees set forth in 765 ILCS 605;

(b) Whether it is the public policy of the State of Illinois to prohibit fees in excess of those permitted by 765 ILCS 605, et seq. on sellers of condominiums;

(c) Whether Defendants engaged in unfair acts prohibited by the Consumer Fraud Act as alleged herein;

(d) Whether Plaintiffs and the Class may maintain an action under the Condo Act against Defendants;

(e) Whether condominium associations owe fiduciary duties to Plaintiffs and the Class members to prevent charges on sellers in excess of those specified in 765 ILCS 605, et seq.;

(f) Whether the fees charged by Defendant(s) exceeded the reasonable, direct, out-of-pocket costs to copy and provide the documents required by 765 ILCS 605/22.1(a); and

(g) Whether there is an implied right of action under the Condo Act.

70.    Plaintiffs, as the representative parties, will fairly and adequately protect the interest of the Class.

71.    This class action is an appropriate method for the fair and efficient adjudication of this controversy.

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 14 of 22

## COUNT I: VIOLATION OF CONSUMER FRAUD ACT
## AGAINST ALL DEFENDANTS

72.    Plaintiffs reallege and set forth here as if fully alleged herein all other allegations of this Complaint.

73.    This Count is brought on behalf of Plaintiffs and the Class against all Defendants individually and jointly and severally.

74.    The Illinois Consumer Fraud Act provides in relevant part, at 805 ILCS 502/2:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of

14

any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act.

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 15 of 22

75. At all times relevant, Defendants were engaged in trade or commerce through advertising, offering for sale, and selling Disclosure Documents, and by contracting, managing, and performing activities on behalf of associations, within Illinois.

76. Defendants' actions as alleged herein violate the Consumer Fraud Act, in that, among other things, Defendants engaged in unfair or deceptive acts or practices and Plaintiffs and the Class were charged and paid under duress far more than allowed under 765 ILCS 605/22.1(c).

77. The actions as alleged herein are part of a pattern and practice of behavior which Defendants routinely engage in as part of their business models. Their normal business practices are designed to disregard the law through an agreement to subvert the Condo Act, ignore the rights of the parties to a real estate transaction, and profit from home sellers when they are most vulnerable.

78. These practices offend public policy, have a direct consumer nexus, affect consumers as a whole, and violate the basic rights of consumers. These practices directly implicate consumer protection concerns because the conduct impacts and threatens consumers' disclosure rights with respect to associations and causes substantial financial harm to consumers by subverting legal protections afforded to Illinois sellers of real estate.

15

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 16 of 22

79.     These practices are immoral, unethical, oppressive, and unscrupulous and demonstrate Defendants' practice of maximizing profits by gouging consumers for Disclosure Documents, ignoring their rights, and profiting from the sale of their homes.

80.     The repeated practice of gouging home sellers for Disclosure Documents demonstrates a pattern of flouting state-mandated laws and public policies designed to protect Illinois home sellers.

81.     The conduct herein would equally violate the basic rights of any other consumer who has been subjected to these practices by Defendants. Any homeowner who is subjected to gouging for Disclosure Documents by Defendants will experience a violation of his or her rights and suffer harm.

82.     This pattern of conduct further implicates consumer protection concerns generally because consumers reasonably expect:

          i.   to freely transfer their condominiums without the hindrance and inconvenience of excessive costs and fees;

         ii.   companies to refrain from illegal price gouging; and

        iii.   companies to honor and respect laws designed to protect consumers.

83.     As a direct, proximate and foreseeable result of the Defendants' unlawful actions, Plaintiffs and Class members have suffered injury and damages, including without limitation, the difference between the large amount charged and the permitted "reasonable fee covering the direct out-of-pocket cost of providing such information and copying."

84.     An award of punitive damages is also appropriate because the conduct complained of is outrageous, willful, wanton, showed a reckless disregard for the rights of the Plaintiffs and the Class, and was designed to take advantage of a vulnerable consumer through a disproportionate relationship of power, caused financial harm to Plaintiffs and the Class, and

causes substantial harm to the public as a whole and any consumer subjected to these practices.

## COUNT II: VIOLATION OF THE CONDO ACT
## AGAINST ALL DEFENDANTS

85.     Plaintiffs reallege and set forth here as if fully alleged herein all other allegations of this Complaint. Count II is brought in the alternative to Count I.

86.     This Count is brought against all Defendants individually and jointly and severally.

87.     Defendants' actions as alleged herein violate the Condo Act, in that, among other things Plaintiffs were charged and paid under duress far more than 765 ILCS 605/22.1(c) allows.

88.     Plaintiffs are members of the class, i.e., sellers of condominiums, for whose benefit the Condo Act was enacted.

89.     Plaintiffs' injuries, as well as the injuries suffered by all members of the Class, are of the type that the Condo Act was designed to prevent, i.e., the interest in not being charged fees in excess of those nominal out-of-pocket charges directly related to copying and providing.

90.     A private right of action is consistent with the underlying purpose of the statute, i.e., preventing excessive charges, promoting the low-cost transferability of condominium units, protecting the interest of condominium sellers who are exiting condominium associations and lack the ability to protect their own interests, and/or preventing exiting sellers from being required to subsidize the ongoing costs of the condominium association.

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 17 of 22

17

91.     Implying a private right of action in favor of Plaintiffs is necessary to provide an adequate remedy for violations of the statute and deter future misconduct.

92.     As a direct, proximate and foreseeable result of the Defendants' unlawful actions, Plaintiffs have suffered injury and damages, including without limitation the difference between the large amount charged and the permitted "reasonable fee covering the direct out-of-pocket cost of providing such information and copying."

## COUNT III: AIDING AND ABETTING/INDUCEMENT
## TO BREACH FIDUCIARY DUTY
## AGAINST ALL DEFENDANTS

93.     Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

94.     This Count is brought on behalf of Plaintiffs and the Class against all Defendants individually and jointly and severally.

95.     Each of the condominium associations (collectively referred to hereafter as "associations") managed by Defendant Sudler owed a fiduciary duty to its Unit Owners and members as a matter of law. By reason of this fiduciary relationship, the associations owed their Unit Owners the highest obligation of good faith, fair dealing, and due care, and to act in the best interest of the Unit Owners. Defendants specifically, and without limitation, owed a duty to prevent Unit Owners members from being charged prices for Disclosure Documents that violate Illinois law.

96.     The associations violated their fiduciary duties by (a) authorizing and allowing Defendant Sudler to charge prices for Disclosure Documents substantially higher than allowed by Illinois law, (b) delegating the duty to distribute the Disclosure Documents to sellers without properly limiting the prices that would be charged, and (c) reducing the management

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 18 of 22

18

fees paid by associations by allowing Sudler to financially benefit from charging inflated costs for Disclosure Documents, thus shifting association costs disproportionately onto departing sellers such as Plaintiffs.

97.     Defendants substantially assisted the associations in the breach of their fiduciary duties by controlling, working with, encouraging, directing, and/or requiring association members to use Defendant HomeWise for the purchase of Disclosure Documents at excessive prices.

98.     As a direct, proximate and foreseeable result of the Defendants' unlawful actions, Plaintiffs and Class members have suffered injury and damages, including without limitation the difference between the large amount charged and the permitted "reasonable fee covering the direct out-of-pocket cost of providing such information and copying."

### COUNT IV: COMMON LAW CONSPIRACY
### AGAINST ALL DEFENDANTS

99.     Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

100.    This Count is brought on behalf of Plaintiffs and the Class against all Defendants individually and jointly and severally.

101.    Defendants conspired and knowingly agreed with and between themselves, and with the associations, to permit, encourage, cause and engage in unfair and other acts in violation of the Consumer Fraud Act; to permit, encourage, cause and engage in acts in violation of the Condo Act; and/or to induce and cause the associations which have retained Defendant Sudler and Defendant HomeWise to violate and breach such associations' fiduciary duties to their members.

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 19 of 22

102.    As a direct, proximate and foreseeable result of the Defendants' unlawful actions, Plaintiffs and Class members have suffered injury and damages, including without limitation the difference between the large amount charged and the permitted "reasonable fee covering the direct out-of-pocket cost of providing such information and copying."

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 20 of 22

## COUNT V: UNJUST ENRICHMENT
## AGAINST ALL DEFENDANTS

103.    Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

104.    This Count is brought on behalf of Plaintiffs and the Class against all Defendants individually and jointly and severally.

105.    Defendants received a benefit through their misconduct described herein. Specifically, Defendants retained fees charged to Plaintiffs and other Class members as described herein in excess of the amount allowed by Illinois law and by aiding and abetting and conspiring in the associations' breach of fiduciary duties to persons such as Plaintiffs as described herein.

106.    Defendants without justification have retained and continue to voluntarily and unjustly retain these benefits at the expense of and to the disadvantage of Plaintiffs and other Class members.

107.    Defendants' retention of these benefits violates fundamental principles of justice, equity, and good conscience because, among other things, the benefits were obtained by means of unfair and unlawful acts and acts in violation of the public policy of the State of Illinois.

108.    As a direct, proximate and foreseeable result of Defendants' unlawful actions, Plaintiffs and Class members have suffered injury and damages, including, without limitation,

20

the difference between the large amount received from HomeWise and the permitted reasonable fee covering the direct out-of-pocket cost of providing such information and copying.

## **PRAYER FOR RELIEF**

Plaintiffs demand as relief, individually and on behalf of the Class, as follows:

A.     An Order of the Court certifying the Class with Plaintiffs being named the Class representatives and Plaintiffs' undersigned counsel being appointed as Class Counsel;

B.     Final judgment in Plaintiffs' and the Class's favor, and against Defendants, individually and jointly and severally, in the amount of their damages along with a declaration that the Defendants' actions violate the law;

C.     Pre-judgment and post-judgment interest;

D.     An award of Plaintiffs' attorneys' fees and all allowable fees, expenses and costs of suit;

E.     Punitive damages; and

F.     Such other, additional and further relief as the Court deems appropriate.

Plaintiffs demand trial by jury on all claims for which a jury is permissible.

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 21 of 22

Dated: October 5, 2017

ELECTRONICALLY FILED
10/5/2017 3:40 PM
2017-CH-13450
PAGE 22 of 22

**Plaintiffs on their own behalf
and on behalf of the Class:**

By:     /s/ David Fish

     **Charles R. Watkins**
     **Guin, Stokes & Evans, LLC**
     321 South Plymouth Court
     Suite 1250
     Chicago, Il 60604
     (312) 878-8391
     Email: charlesw@gseattorneys.com
     Cook County Attorney # 51804

     **David Fish**
     **Kim Hilton**
     **John Kunze**
     **The Fish Law Firm, P.C.**
     Fifth Avenue Station
     200 E. 5th Avenue, Suite 123
     Naperville IL 60563
     (630) 355-7590
     Email: dfish@fishlawfirm.com
          admin@fishlawfirm.com
     Cook County Attorney # 44086

     **John R. Wylie**
     **BarrettWylie, LLC**
     30 N. La Salle Street
     Suite 3200
     Chicago, IL 60602
     (312) 269-0600
     Email: johnwylie@barrettwylie.com
     Cook County Attorney # 18352

     **Stephen Sotelo**
     **Homer Law Firm, P.C.**
     200 E 5th Ave #123
     Naperville, IL 60563
     (630) 428-3311
     Email: ssotelo@homerlawoffices.com
     Cook County Attorney # 56894

22

Summons - Alias Summons                                                    (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

KEITH HORIST; JOSHUA EYMAN; LORI
EYMAN

v.

SUDLER AND COMPANY;
NEXTLEVEL ASSOC/HOMEWISE

No. 2017-CH-13450

Defendant Address:

SUDLER AND COMPANY

R/A STEVEN P. LEVY

875 N. MICHIGAN AVENUE

SUITE 2600

CHICAGO, IL 60611

☑ **SUMMONS** ☐ **ALIAS - SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____ ,Chicago, Illinois 60602
☐ District 2 - Skokie          ☐ District 3 - Rolling Meadows        ☐ District 4 - Maywood
   5600 Old Orchard Rd.       2121 Euclid 1500                      Maybrook Ave.
   Skokie, IL 60077           Rolling Meadows, IL 60008             Maywood, IL 60153
☐ District 5 - Bridgeview      ☐ District 6 - Markham                ☐ Richard J. Daley Center
   10220 S. 76th Ave.         16501 S. Kedzie Pkwy.                50 W. Washington, LL-01
   Bridgeview, IL 60455       Markham, IL 60428                    Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 44086
Name: FISH DAVID J
Atty. for: KEITH HORIST
Address: 200E 5TH AVE 123
City/State/Zip Code: NAPERVILLE, IL 60563
Telephone: (630) 355-7590
Primary Email Address: dfish@fishlawfirm.com
Secondary Email Address(es):
admin@fishlawfirm.com

Witness: Thursday, 05 October 2017

/s DOROTHY BROWN
DOROTHY BROWN, Clerk of Court

Date of Service: _____

(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

Summons - Alias Summons                                                        (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

KEITH HORIST; JOSHUA EYMAN; LORI EYMAN

v.

SUDLER AND COMPANY; NEXTLEVEL ASSOC/HOMEWISE

No. 2017-CH-13450

Defendant Address:
NEXTLEVEL ASSOC/HOMEWISE
R/A ANNIE PURTILL
4773 MANGELS BOULEVARD
FAIRFIELD, CA 94534

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802             ,Chicago, Illinois 60602

☐ District 2 - Skokie        ☐ District 3 - Rolling Meadows        ☐ District 4 - Maywood
   5600 Old Orchard Rd.        2121 Euclid 1500               Maybrook Ave.
   Skokie, IL 60077           Rolling Meadows, IL 60008      Maywood, IL 60153

☐ District 5 - Bridgeview    ☐ District 6 - Markham            ☐ Richard J. Daley Center
   10220 S. 76th Ave.        16501 S. Kedzie Pkwy.       50 W. Washington, LL-01
   Bridgeview, IL 60455      Markham, IL 60428         Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 44086

Name: FISH DAVID J

Atty. for: KEITH HORIST

Address: 200E 5TH AVE 123

City/State/Zip Code: NAPERVILLE, IL 60563

Telephone: (630) 355-7590

Primary Email Address: dfish@fishlawfirm.com

Secondary Email Address(es):

admin@fishlawfirm.com

Witness:          Thursday, 05 October 2017

/s DOROTHY BROWN
DOROTHY BROWN, Clerk of Court

Date of Service:

(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

(Area Code)   (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

# Chancery DIVISION
## Litigant List

Printed on 10/05/2017

Case Number: 2017-CH-13450

Page 1 of 1

## Plaintiffs

| Plaintiffs Name | Plaintiffs Address | State | Zip | Unit # |
|---|---|---|---|---|
| KEITH HORIST | | | | |
| JOSHUA EYMAN | | | | |
| LORI EYMAN | | | | |

Total Plaintiffs: 3

## Defendants

| Defendant Name | Defendant Address | State | Zip | Unit # | Service By |
|---|---|---|---|---|---|
| SUDLER AND COMPANY | 875 N. MICHIGAN AVENUE CHICAGO, | IL | 60611 | SUITE 2600 | PPS |
| NEXTLEVEL ASSOC/HOMEWISE | 4773 MANGELS BOULEVARD FAIRFIELD, | CA | 94534 | | PPS |

Total Defendants: 2