**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEITH HORIST, JOSHUA EYMAN, and LORI EYMAN, | ) ) |
| | ) |
| Plaintiffs, | ) Case No. 1:17-cv-08113 |
| | ) |
| v. | ) District Judge Robert W. Gettleman |
| | ) |
| SUDLER AND COMPANY d/b/a SUDLER PROPERTY MANAGEMENT, HOMEWISE SERVICE CORP., INC., and NEXTLEVEL ASSOCIATION SOLUTIONS, INC., | ) Magistrate Judge Michael T. Mason ) ) ) ) |
| | ) |
| Defendants. | |

**DEFENDANT HOMEWISE'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure, Defendant NextLevel Association Solutions, Inc. dba HomeWiseDocs.com ("HomeWise") hereby moves to dismiss the Complaint filed by Plaintiffs Keith Horist, Joshua Eyman, and Lori Eyman (collectively, "Plaintiffs") originally filed in the Circuit Court of Cook County, Illinois on October 5, 2017. The reasons and authorities supporting this Motion are provided in HomeWise's Memorandum in Support of Motion to Dismiss Plaintiffs' Complaint, which has been filed contemporaneously and is fully incorporated herein by reference.

Dated: November 16, 2017        */s/ Philip M. Oliss* _

Philip M. Oliss (6308268)
SQUIRE PATTON BOGGS (US) LLP
Three First National Plaza
70 W. Madison Street, Suite 2015
Chicago, Illinois 60602
Tel. 312-781-2760
philip.oliss@squirepb.com

*Counsel for Defendant NextLevel*
*Association Solutions, Inc., dba*
*HomeWiseDocs.com*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT HOMEWISE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** was served pursuant to Electronic Case Filing on November 16, 2017 upon:

David Fish
Kim Hilton
John Kunze
The Fish Law Firm, P.C.
Fifth Avenue Station
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 355-7590
dfish@fishlawfirm.com
admin@fishlawfirm.com

Stephen Sotelo
Homer Law Firm, P.C.
200 E. 5th Avenue, #123
Naperville, IL 60563
(630) 428-3311
ssotelo@homerlawoffices.com

Charles R. Watkins
Guin, Stokes & Evans, LLC
321 South Plymouth Court, Suite 1250
Chicago, IL 60604
(312) 878-8391
charlesw@gseattorneys.com

I hereby certify that a true and correct copy of the foregoing **DEFENDANT HOMEWISE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** was served by email and first class mail on November 16, 2017 upon:

John R. Wylie
BarrettWylie, LLC
30 N. La Salle Street, Suite 3200
Chicago, IL 60602
(312) 269-0600
johnwylie@barrettwylie.com

*/s/ Philip M. Oliss*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH HORIST, JOSHUA EYMAN, and LORI EYMAN, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:17-cv-08113 |
| v. | ) ) | Honorable Robert W. Gettleman |
| SUDLER AND COMPANY d/b/a SUDLER PROPERTY MANAGEMENT, HOMEWISE SERVICE CORP., INC., and NEXTLEVEL ASSOCIATION SOLUTIONS, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT HOMEWISE'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    STATEMENT OF FACTS .................................................................................. 1

III.   ARGUMENT ....................................................................................................... 3

     A.    Plaintiffs Cannot Recover Against HomeWise Under the Condo Act ................. 3

          1.    The Condo Act expressly forecloses Plaintiffs' claims ........................... 3

          2.    The Condo Act cannot be interpreted as implying a private right of action by Plaintiffs against HomeWise ...................................................... 4

          3.    The Condo Act does not apply to HomeWise, nor does it regulate electronic transactions for Disclosure Documents through HomeWise................................................................................................... 5

          4.    Plaintiffs could have requested the Disclosure Documents directly from their Associations, but do not allege that they did so ...................... 6

     B.    Plaintiffs Do Not State A Claim for a Deceptive or Unfair Practice Under ICFA ..................................................................................................................... 7

          1.    Plaintiffs' ICFA claim predicated on a deceptive practice fails under Rule 9(b) and Rule 12(b)(6).......................................................... 7

          2.    Plaintiffs do not plead the elements of an ICFA claim predicated on an unfair practice.......................................................................... 8

              a.    Plaintiffs do not allege an unfair practice ..................................... 8

              b.    Plaintiffs do not allege that HomeWise intended that they rely on the allegedly unfair practice or intended to be unfair ...... 11

              c.    Plaintiffs do not plead facts to show that they suffered damages proximately caused by HomeWise's fee structure........ 11

          3.    The voluntary payment doctrine bars Plaintiffs' unfair practices claim................................................................................................... 12

     C.    Plaintiffs Do Not Plead Facts Supporting an Aiding and Abetting or Inducement of a Breach of Fiduciary Duty Claim, Nor Do They Plead the Elements of One................................................................................................ 13

     D.    Plaintiffs Do Not Plead the Elements of a Common Law Conspiracy Claim, and It Cannot Be Sustained in Absence of Their Other Failed Claims ................................................................................................................ 14

     E.    Plaintiffs' Unjust Enrichment Claim Collapses with their Other Failed Claims, and It Is Independently Precluded By the Voluntary Payment Doctrine................................................................................................................ 14

IV.   CONCLUSION................................................................................................... 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Associated Gen. Contractors v. Cal. State Council of Carpenters*,
459 U.S. 519 (1983) ........................................................................................14

*Batson v. Live Nation Entm't, Inc.*,
2013 U.S Dist. LEXIS 34424 (N.D. Ill. Mar. 13, 2013) ...........................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................14

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
761 F.3d 732 (7th Cir. 2014) .............................................................................7

*Cleary v. Philip Morris Inc.*,
656 F.3d 511 (7th Cir. 2011) ............................................................................14

*D'Attomo v. Baumbeck*,
2015 IL App (2d) 140865 ...................................................................................4

*Darne v. Ford Motor Co.*,
No. 13-03549, 2015 U.S. Dist. LEXIS 169752 (N.D. Ill. Dec. 18, 2015) ................8

*Fiala v. Bickford Senior Living Grp., LLC*,
2015 IL. App. (2d) 150067 ...............................................................................14

*Fisher v. Lexington Health Care*,
188 Ill. 2d 455 (1999) .......................................................................................4

*Garrett v. Rentgrow*,
No. 04-8309, 2015 U.S. Dist. LEXIS 13210 (N.D. Ill. Jul. 1, 2005) ...................9, 11

*Jenkins v. Concorde Acceptance Corp.*,
345 Ill. App. 3d 669 (1st Dist. 2003) ..................................................................12

*La Throp v. Bell Fed. Sav. & Loan Ass'n*,
68 Ill. 2d 375 (1977) .......................................................................................15

*Metzger v. DaRosa*,
209 Ill. 2d 30 (2004) .........................................................................................5

*Nikolopulos v. Balourdos*,
245 Ill. App. 3d 71 (1st Dist. 1993) .....................................................................5

*Ostrolenk Faber LLP v. Genender Int'l Impos., Inc.,*
    2013 IL App (1st) 112105 .................................................................13

*Petalino v. Williams,*
    2016 IL App (1st) 151861 .................................................................5

*Phila. Indem. Ins. Co. v. Chi. Title Ins. Co.,*
    771 F.3d 391 (7th Cir. 2014) .........................................................7

*Phillips v. DePaul Univ.,*
    19 N.E.3d 1019 (Ill. App. 2014) .............................................11, 12

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.,*
    631 F.3d 436 (7th Cir. 2011) .......................................................7, 8

*Rhombus Asset Mgmt. v. Pawlan Law, LLC,*
    2014 IL App. (1st) 122350 ..............................................................13

*Robinson v. Toyota Motor Credit Corp.,*
    201 Ill. 403 (2002) ................................................................8, 9, 10

*Royal Glen Condo. Ass'n v. S.T. Neswold & Assocs.,*
    2014 IL App (2d) 131311 ................................................................4

*Smith v. Prime Cable,*
    276 Ill. App. 3d 843 (1st Dist. 1995) ...........................................12

*Thomas v. Fuerst,*
    345 Ill. App. 3d 929 (2004) ...........................................................14

**Statutes and Other Authorities**

Fed. R. Civ. P. 9(b) .............................................................................7, 8

Fed. R. Civ. P. 12(b)(6) .........................................................................7

765 Ill. Comp. Stat. 605/2(z) ................................................................6

765 Ill. Comp. Stat. 605/18(a)(5) ........................................................5

765 Ill. Comp. Stat. 605/18.7(g)(1) .....................................................3

765 Ill. Comp. Stat. 605/18.8(b) ..........................................................7

765 Ill. Comp. Stat. 605/18.8(f) ...........................................................6

765 Ill. Comp. Stat. 605/22.1 ....................................................... *passim*

815 Ill. Comp. Stat. 505/10a(a) .........................................................11

## I.   INTRODUCTION

By this action, Plaintiffs seek to recover from HomeWise for alleged violations of the Illinois Condominium Property Act (the "Condo Act"), 765 ILCS 605/1 *et seq.*, which broadly governs the formation and administration of condominium associations (the "Associations").  Yet, Plaintiffs face an insurmountable hurdle: the statute upon which their entire Complaint is based does not apply here.  The Condo Act expressly forecloses Plaintiffs' action against HomeWise, and it further cannot be interpreted as applying to HomeWise—a web-based company falling completely outside of the purview of the Act.

Plaintiffs' remaining claims similarly cannot withstand Rule 12(b)(6).  First, Plaintiffs fail to plead necessary elements of each claim, requiring dismissal.  Second, Plaintiffs' do not provide a single factual allegation in support of any claim, but instead rely on bland and conclusory allegations, revealing that Plaintiffs' claims are entirely implausible.  And Plaintiffs' bare allegations of an Illinois Consumer Fraud Act (ICFA) violation flunk the stringent pleading requirements of Rule 9.  Finally, Plaintiffs' ICFA and unjust enrichment claims are barred by the voluntary payment doctrine as a matter of Illinois law.

The Complaint, full of grab-bag allegations and nearly devoid of factual detail, fails to state a single cognizable claim against HomeWise.  Because there is no set of facts that Plaintiffs could allege to correct their deficient claims, the Court should dismiss the Complaint with prejudice.

## II.   STATEMENT OF FACTS

The Condo Act addresses disclosures to prospective purchasers of real estate located within Associations.  Section 22.1 of the Condo Act grants a prospective purchaser of a unit located in an Association a right to inspect "upon demand" documents containing information about the unit and the Association (the "Disclosure Documents").  765 ILCS 605/22.1(a).  The Condo Act requires the Association to "furnish the [Disclosure Documents] when requested to do so in writing

and within 30 days of the request," and permits the Association to charge a "reasonable fee" to the seller for providing the Disclosure Documents. *Id*. §§ 22.1(b)-(c).

Plaintiffs allege that they are former owners of condominiums located in Associations in Illinois that are managed by Defendant Sudler and Company d/b/a Sudler Property Management ("Sudler"), an Illinois-based property management firm. Compl. ¶¶11, 14, 16, 23, 31. Plaintiffs allege that at the time they contracted to sell their condominiums, they were required under the Condo Act to obtain Disclosure Documents for inspection by their prospective purchasers. *Id*. ¶¶27, 35. In order to fulfill their disclosure obligations, Plaintiffs allege that they obtained the Disclosure Documents from HomeWise by following a link on Sudler's website. *Id*. ¶¶18, 28-29, 36-37. HomeWise, a California corporation, provides a web-based document delivery service whereby owners of real estate located within community associations nationwide can purchase online and electronically receive Disclosure Documents. *Id*. ¶17. HomeWise's document delivery service is conducted entirely over the internet. *Id*. As part of its nationwide service, HomeWise provides Disclosure Documents to owners of units located in Illinois in Associations managed by Defendant Sudler. *Id*.

Plaintiff Horist and the Eyman Plaintiffs allege that they paid HomeWise $240 and $365, respectively, for instant electronically-downloaded Disclosure Documents. *Id*. ¶¶27, 25. As Plaintiffs' factual allegations (or lack thereof) establish, however, Plaintiffs ***did not make a written request to their Associations*** for Disclosure Documents, as the Condo Act requires. Plaintiffs ***do not allege*** that they ever requested, or were denied, Disclosure Documents directly from their Associations. Moreover, Plaintiffs do not allege that HomeWise provided incorrect Disclosure Documents, or that HomeWise did not timely fulfill their requests. Yet, Plaintiffs now seek to recover the money they paid to HomeWise for the Disclosure Documents under the theory that the

- 2 -

"reasonable fee" language from the Condo Act restricts what HomeWise can charge Illinois-based condominium sellers for the services HomeWise provides.

Plaintiffs filed the Complaint on October 5, 2017 in the Circuit Court of Cook County, Illinois against Defendants, and HomeWise removed the action to this Court on November 9, 2017 under the Class Action Fairness Act, 28 U.S.C. § 1332(d). In the Complaint, Plaintiffs purport to state claims for: (1) a violation of the Condo Act, (2) a violation of ICFA, (3) aiding and abetting or inducement of a breach of fiduciary duty, (4) common law conspiracy, and (5) unjust enrichment. Among other requests for relief, Plaintiffs seek damages, punitive damages, and a declaration that HomeWise's fee structure violates the Condo Act. Compl., Prayer for Relief, p. 21. Finally, Plaintiffs request an order certifying a class of individuals who purchased Disclosure Documents through HomeWise. *Id.*

## III.    ARGUMENT

**A.    Plaintiffs Cannot Recover Against HomeWise Under the Condo Act.**

**1.    The Condo Act expressly forecloses Plaintiffs' claims.**

By its plain language, "[n]othing in [the Condo Act] create[s] a cause of action by a unit owner . . . or community association member against a community association manager or the firm of a community association manager." 765 ILCS 605/18.7(g)(1). Each Plaintiff alleges he owned a condominium located in a community association under the Condo Act. Compl. ¶¶11, 14. All Plaintiffs were subject to the Condo Act as condominium owners. The Condo Act expressly forecloses any claim Plaintiffs, as unit owners and members of Associations under the Condo Act, purport to assert against HomeWise, which is neither Plaintiffs' Associations nor their Associations' property management firm.

2. **The Condo Act cannot be interpreted as implying a private right of action by Plaintiffs against HomeWise.**

Even if the Condo Act did not bar Plaintiffs' claims against HomeWise (which it expressly does), a private right of action may not be implied from a statute unless: "(1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiff's injury is one the statute was designed to prevent; (3) a private right of action is consistent with the underlying purposes of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute." *Fisher v. Lexington Health Care*, 188 Ill. 2d 455, 460 (1999) (refusing to imply a private right of action). In assessing whether a private right of action exists in "legislative enactments, courts must read the statute as a whole, not as isolated provisions." *Id.* at 463.

Plaintiffs are not members of the class for whose benefit the Condo Act was enacted, nor are their injuries the type that the Act is designed to prevent. The Condo Act creates a comprehensive scheme for the formation and administration of Associations generally. *See Royal Glen Condo. Ass'n v. S.T. Neswold & Assocs.*, 2014 IL App (2d) 131311, ¶22 ("The purpose of the Condo Act is to govern the affairs of Illinois condominium associations.") Section 22.1 does not grant sellers a right to demand Disclosure Documents, but instead grants prospective purchasers a right to obtain Disclosure Documents "upon demand." *Compare* § 22.1 *with* § 19 (requiring Associations to maintain and make available certain documents to unit owners and members). Thus, § 22.1 only requires a seller to request Disclosure Documents on behalf of a prospective purchaser who demands them. In fact, Illinois courts have implied a private right of action under § 22.1 of the Condo Act ***only for a prospective purchaser*** who is not provided timely or accurate disclosures. *See, e.g., D'Attomo v. Baumbeck*, 2015 IL App (2d) 140865 at ¶37; *Nikolopulos v. Balourdos*, 245 Ill. App. 3d 71, 77 (1st Dist. 1993). Properly read in the context of the Act as a whole, the language of § 22.1 permitting Associations to charge a reasonable fee for

the provision of Disclosure Documents is intended to benefit the Association in recovering the costs incurred in providing disclosures to prospective purchasers.

Further, implying Plaintiffs' purported cause of action would be inconsistent with the underlying purpose of the statute. To facilitate administration of Associations, the Condo Act grants Associations the right to engage the services of a property management firm. 765 ILCS 160/18(a)(5). Plaintiffs' action seeks to undermine that right, and it will likely discourage sophisticated property management firms like Sudler and third-party vendors like HomeWise from providing services to Associations. Not only is this inconsistent with the purpose of the Act, but it increases the risk of unreliable disclosures to prospective purchasers under § 22.1.

Finally, the Illinois Supreme Court "has implied a private right of action under a statute only where the statute would be ineffective, as a practical matter, unless such an action were implied." *Metzger v. DaRosa*, 209 Ill. 2d 30, 39 (2004). Plaintiffs' claims under the Condo Act fails because Plaintiffs could have obtained the Disclosure Documents directly from their Associations. *See* Part III.A(4), *infra*.

### 3. The Condo Act does not apply to HomeWise, nor does it regulate electronic transactions for Disclosure Documents through HomeWise.

"The plain language of [a] statute is the best indicator of the legislature's intent." *Metzger*, 209 Ill. 2d at 35. The Court should not "read into a statute words which are not within the plain meaning of the legislature as determined from the statute itself." *Petalino v. Williams*, 2016 IL App (1st) 151861, ¶24 ("Such word is not in the statute and we cannot place it there.").

The language of the Condo Act upon which Plaintiffs rely specifically requires sellers to make ***a written request*** for Disclosure Documents to the "principal officer" or "other officer" of the owner's Association, and provides the Association 30 days to respond to the written request. 765 ILCS 605/22.1(b). The language of § 22.1 permitting the Association to charge a "reasonable fee"

relates only to the provision of Disclosure Documents following a written request to the Association. *Id*. §§ 22.1(a)-(c). Based on the plain language of the Condo Act, Plaintiffs' request for Disclosure Documents from a third-party, for-profit vendor like HomeWise does not implicate the "reasonable fee" language of the Act.

Moreover, the electronic provision of Disclosure Documents by HomeWise does not fall within the conduct regulated by the Condo Act. As Plaintiffs allege, HomeWise supplies Disclosure Documents for Associations managed by Sudler exclusively over the internet. Compl. ¶¶17-18. HomeWise's web-based service allows sellers like Plaintiffs to avoid the statutory requirement of a written request to their Associations and the corresponding 30-day wait period provided to Associations to furnish Disclosure Documents. Although HomeWise may offer a preferable alternative to sellers seeking to comply with their own disclosure obligations, the electronic provision of Disclosure Documents by HomeWise is not regulated by the Condo Act.

### 4. Plaintiffs could have requested the Disclosure Documents directly from their Associations, but do not allege that they did so.

The Condo Act provides that Associations and unit owners may "perform any obligation" or "exercise any right" under any provision of the Act through "acceptable technological means," including "electronic transmission over the internet." 765 ILCS §§ 605/2(z); 605/18.8(b). However, unit owners may refuse to do business with an Association through electronic means, at the Association's expense. *Id*. § 18.8(f). Thus, the Condo Act contemplates that Associations maintain Disclosure Documents in non-electronic form and provide them in paper form to a seller who prefers to do business through non-technological means. Not only do Plaintiffs not allege that they made a written request to their Associations for Disclosure Documents, but Plaintiffs do not allege that they requested Disclosure Documents from their Associations through non-technological means.

Plaintiffs' allegations that they had "little alternative" but to obtain Disclosure Documents from HomeWise are without merit.  Compl. ¶¶25, 33, 53.

**B.    Plaintiffs Do Not State A Claim for a Deceptive or Unfair Practice Under ICFA.**

Plaintiffs' conclusory allegations, which are devoid of any factual support, fail to state an ICFA claim.  To state an ICFA claim, Plaintiffs must allege: (1) a deceptive or unfair practice by HomeWise; (2) HomeWise's intent that Plaintiffs rely on the deceptive or unfair practice; (3) that the deceptive or unfair practice occurred in a course of conduct involving trade or commerce; and (4) that Plaintiffs suffered actual damage, (5) proximately caused by HomeWise's deceptive or unfair act.  *See Phila. Indem. Ins. Co. v. Chi. Title Ins. Co.*, 771 F.3d 391, 402 (7th Cir. 2014) (explaining that the ICFA "framework is articulated in terms of 'deceptive' acts and practices, but it applies to allegations of 'unfair' acts and practices as well); *see also Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) (affirming dismissal of ICFA claim).

Plaintiffs' generic ICFA claim against Defendants, which does not even specify whether the claim is for a deceptive or unfair practice, fails to sufficiently allege those elements.

**1.    Plaintiffs' ICFA claim predicated on a deceptive practice fails under Rule 9(b) and Rule 12(b)(6).**

Plaintiffs' ICFA claim fails to plead any deceptive practice on the part of HomeWise.  The Federal Rules require "[h]eightened pleading in the fraud context . . . because of the potential stigmatic injury that comes with alleging fraud and the concomitant desire to ensure that such fraught allegations are not lightly leveled."  *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011).  Any claim for fraud requires that Plaintiffs "describ[e] the who, what, when, where, and how of the fraud."  *Camasta*, 761 F.3d at 737.  Thus, "[w]hen a plaintiff in federal court alleges fraud under the ICFA, the heightened pleading standard of [Rule 9(b)] applies."  *Pirelli*, 631 F.3d at 441.

Plaintiffs allege **no facts** regarding Defendants' purported "scheme" underlying their deceptive practices claim. Indeed, the only allegations Plaintiffs offer in support of a deceptive practices claim under ICFA are: (1) the conclusory allegation that "Defendants engaged in . . . deceptive acts or practices," and (2) the unsupported allegation that Plaintiffs "made payment to HomeWise . . . under duress and . . . with[out] full knowledge of the facts." Compl. ¶¶29, 37, 76. Such allegations are plainly insufficient.

Plaintiffs do not allege HomeWise misrepresented or omitted any information relating to the purchase of Disclosure Documents. Importantly, Plaintiffs do not even allege that they received any communication or advertising from HomeWise that could serve as the basis for an alleged misrepresentation or omission. In absence of any such communication or advertisement, Plaintiffs' deceptive practices claim necessarily fails. *See Darne v. Ford Motor Co*., No. 13-03549, 2015 U.S. Dist. LEXIS 169752, at *32-33 (N.D. Ill. Dec. 18, 2015) ("A consumer cannot maintain an action under [ICFA] when the plaintiff does not receive, directly or indirectly, communication or advertising from the defendant."). Because Plaintiffs' deceptive practice claim does not satisfy Rule 8, let alone Rule 9, it must be dismissed.

### 2. Plaintiffs do not plead the elements of an ICFA claim predicated on an unfair practice.

#### a. Plaintiffs do not allege an unfair practice.

Plaintiffs do not allege an unfair practice because allegations of "unconscionably high price generally is insufficient to establish a claim of unfairness." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 403, 417 (2002); *Siegel*, 656 F. Supp. 2d at 833. Rather, to determine whether a business practice is "unfair" under ICFA, a court considers whether the business practice: (1) violates public policy; (2) is so oppressive that consumers little choice but to submit; and (3) has caused substantial injury to consumers ("the *Robinson* factors"). *Robinson*, 201 Ill. at 403.

Plaintiffs' allegations do not meet the first *Robinson* factor because they do not implicate a cognizable public policy grounded in established law. To satisfy *Robinson*, a public policy must be embodied in an established statute or common law doctrine. *See Garrett v. Rentgrow*, No. 04-8309, 2015 U.S. Dist. LEXIS 13210, at *8 (N.D. Ill. Jul. 1, 2005) (dismissing unfair practices claim where no relevant public policy). In other words, HomeWise cannot be liable to Plaintiffs based on an abstract standard of fairness that is not based on some recognized legal authority.

According to Plaintiffs, "[i]t is the public policy of the state of Illinois that charges for Disclosure Documents charged pursuant to the Condo Act . . . be minimal and limited to those set forth in the statute," and that "the Disclosure Documents described in the Condo Act be freely and inexpensively available[.]" Compl. ¶¶ 50, 51. First, the Condo Act permits Associations to charge a reasonable fee for Disclosure Documents; it does not restrict them (let alone HomeWise) to charging a "minimal" or "limited" fee. Second, Plaintiffs' do not allege a violation of this purported public policy because: (1) the Condo Act does not apply to HomeWise, (2) the alleged public policy does not require that Disclosure Documents be made electronically available on the internet; and (3) Plaintiffs allege no facts showing the fees charged by HomeWise are unreasonable.

Plaintiffs' ICFA claim fails the second *Robinson* factor because they fail to allege facts showing a business practice that is so "oppressive" that "it imposes a lack of meaningful choice or an unreasonable burden on the consumer." *Garrett*, 2015 U.S. Dist. LEXIS 13210, at *9. "[T]he oppressiveness factor is not satisfied where a consumer can avoid the [] practice and obtain alternative products or services elsewhere." *Batson v. Live Nation Entm't, Inc.*, 2013 U.S Dist. LEXIS 34424, at *15 (N.D. Ill. Mar. 13, 2013) (dismissing ICFA claim for lack of unfairness), *aff'd*, 746 F.3d 827 (7th Cir. 2014).

Plaintiffs curiously allege that they had "no reasonably practical means to access the Disclosure

Documents other than through HomeWise," and that sellers "have little alternative but to submit to [HomeWise's] excessive and unlawful fees" because "HomeWise will not provide the Disclosure Documents unless the seller pays what HomeWise requires." Compl. ¶¶22, 33, 53. Yet, the express language of the Condo Act provides that Plaintiffs could have obtained their Disclosure Documents by making a written request directly to their Associations. *See* Part III.A(4), *supra*. There is no oppressiveness sufficient to satisfy the second *Robinson* factor as a matter of law.

Plaintiffs' ICFA claim fails the third *Robinson* factor because Plaintiffs' fail to allege an injury that: (1) is substantial; (2) is not outweighed by any countervailing benefit to consumers; and (3) could have been avoided. *Siegel*, 612 F.3d at 935. Like the second *Robinson* factor, if the consumer can reasonably avoid the injury, then the substantial injury factor is not satisfied. *Kremers*, 712 F. Supp. at 773.

First, Plaintiffs' allegations that their injury is substantial are completely speculative. While Plaintiffs allege that the difference between a "reasonable fee" and HomeWise's "excessive fee" amounts to a substantial injury, Plaintiffs do not provide any measure of what a reasonable fee is, or explain what portion of HomeWise's fees are excessive. Compl. ¶¶54, 83. Second, HomeWise's web-based document delivery service permits sellers and prospective purchasers to avoid the 30-day wait period permitted in the Condo Act, and provides a countervailing benefit to sellers, including Plaintiffs, by assisting them in meeting their selling obligations quickly. Ultimately, Plaintiffs fail to satisfy the substantial injury factor for the same essential reason they fail to show oppression— the plain language of the Condo Act explicitly provides that Plaintiffs could have obtained the Disclosure Documents directly from their Associations. *See* Part III.A(4), *supra*.

b.    Plaintiffs do not allege that HomeWise intended that they rely on the allegedly unfair practice or intended to be unfair.

Plaintiffs offer *no allegations* of HomeWise's intent, and thus fail to plead a necessary element of any ICFA claim. *See Garrett*, 2005 U.S. Dist. LEXIS 13210, at *12 ("[A] plaintiff must allege either intent by the defendant that the plaintiff rely on that act or practice, or intent by the defendant to . . . be unfair to the plaintiff.") (citing *Krause v. GE Capital Mortgage Servs., Inc.*, 314 Ill. App. 3d 376, 311 (2000)).

c.    Plaintiffs do not plead facts to show that they suffered damages proximately caused by HomeWise's fee structure.

"To sufficiently plead a cause of action under [ICFA], [P]laintiffs must plead actual damages." *Phillips v. DePaul Univ.*, 19 N.E.3d 1019, 1034 (Ill. App. 2014) (dismissing ICFA claim for failure to allege actual damages); 815 ILCS 505/10a(a) (limiting a private right of action under ICFA to "[a]ny person who suffers actual damage"). "Damages may not be predicated on mere speculation, hypothesis, conjecture or whim." *Phillips*, 19 N.E.3d at 1034.

Plaintiffs allege that their damages are the difference between the allegedly "excessive fees" they paid to HomeWise and the "reasonable fee" authorized under the Condo Act. Compl. ¶83. Despite their persistent broad allegation that HomeWise's fees are "excessive," Plaintiffs do not allege what a reasonable fee for Disclosure Documents is. Plaintiffs further do not provide "any reliable mechanism for calculating the 'true' value of" the service provided by HomeWise. *Phillips*, 19 N.E.3d at 1034. Because Plaintiffs fail to allege what a reasonable fee for Disclosure Documents is, "[P]laintiffs' damages claim[], which [is] predicated on the difference between" what they actually paid for Disclosure Documents and what a reasonable fee for Disclosure Documents is, is "undeterminable and, thus, not adequately pleaded." *Id*. at 1035.

Similarly, Plaintiffs acknowledge that they would have incurred a fee for the provision of the Disclosure Documents even if they obtained them directly from their Associations. Compl.

¶¶2-3. Yet, Plaintiffs offer no factual allegations showing that they would have paid less for the Disclosure Documents if they obtained them from their Associations. Because Plaintiffs do not allege that their injuries would not "have occurred in absence of [HomeWise's] conduct," Plaintiffs do not sufficiently plead proximate cause. *Phillips*, 19 N.E.3d at 1032-33.

### 3. The voluntary payment doctrine bars Plaintiffs' unfair practices claim.

Under Illinois law, "money voluntarily paid under a claim of right to the payment, and with knowledge of the facts by the person making the payment, cannot be recovered by the payor solely because the claim was illegal." *Jenkins v. Concorde Acceptance Corp.*, 345 Ill. App. 3d 669, 677, (1st Dist. 2003), *aff'd sub nom. King v. First Capital Fin. Servs. Corp.*, 215 Ill. 2d 1 (2005). Thus, even if Plaintiffs' allegations that HomeWise engaged in an unfair practice under ICFA were plausible (which they are not), a claim of unfair practices cannot overcome the voluntary payment doctrine. *Id.*

Plaintiffs attempt to circumvent the doctrine with allegations that their payments to HomeWise were "made under duress and [were] not voluntarily made with full knowledge of the facts." Compl. ¶¶29, 37. Yet, Plaintiffs **fail to allege any facts** about which they lacked knowledge when they paid HomeWise. Plaintiffs **do not provide any detail** on who withheld facts—whether HomeWise, Sudler, or their Associations, or when facts were allegedly withheld. Plaintiffs' allegations of duress, which are "purely speculative and unsupported by any facts," do not negate the applicability of the doctrine. *Smith v. Prime Cable*, 276 Ill. App. 3d 843, 855 (1st Dist. 1995) (affirming dismissal of ICFA claim under the voluntary payment doctrine).

Moreover, Plaintiffs do not allege that they protested payment of HomeWise's fee to their Associations or Defendants at any time. The weight of Plaintiffs' allegations establish that Plaintiffs requested electronic Disclosure Documents from HomeWise, and not their Associations, and they voluntarily made payment to HomeWise in exchange for the Disclosure Documents. Compl. ¶¶24,

26, 29, 32, 34, 37.  The Court should dismiss Plaintiffs' unfair practices claim under ICFA for the independent reason that it is barred as a matter of law by the voluntary payment doctrine.

## C. Plaintiffs Do Not Plead Facts Supporting an Aiding and Abetting or Inducement of a Breach of Fiduciary Duty Claim, Nor Do They Plead the Elements of One.

"To state a claim for aiding and abetting a breach of fiduciary duty, [P]laintiffs [must] allege that [HomeWise] was aware of [the] breach of fiduciary duty at the time [it] provided the assistance [] alleged in the complaint, and allege that [HomeWise] knowingly and substantially assisted the principal violation, causing damages."  *Rhombus Asset Mgmt. v. Pawlan Law, LLC*, 2014 IL App. (1st) 122350, ¶82.  A claim for inducement of a breach of fiduciary duty requires allegations that HomeWise: "(1) colluded with the fiduciary in committing a breach of duty; (2) induced or participated in such a breach; and (3) obtained benefits resulting from the breach of duty."  *Ostrolenk Faber LLP v. Genender Int'l Impos., Inc.*, 2013 IL App (1st) 112105, ¶21. Notwithstanding that Plaintiffs do not properly allege an underlying breach of fiduciary duty, their bare and mechanical allegations fail to state either claim.

Plaintiffs allege that HomeWise "substantially assisted the associations in breach of their fiduciary duties by controlling, working with, encouraging, directing, and/or requiring association members to use" its services.  Compl. ¶97.  Yet again, Plaintiffs allege ***no facts*** to make this allegation plausible.  Plaintiffs do not allege a single specific action taken by HomeWise that would support a claim for aiding and abetting or inducement.  Plaintiffs do not even allege that HomeWise knowingly assisted in the underlying breach or was aware of any purported breach of fiduciary duty at the time it allegedly provided assistance.  Because the Court should not "assume [Plaintiffs] can prove facts that [they] have not alleged," Plaintiffs' aiding and abetting or inducement claim should be dismissed. *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**D.**     **Plaintiffs Do Not Plead the Elements of a Common Law Conspiracy Claim, and It Cannot Be Sustained in Absence of Their Other Failed Claims.**

Plaintiffs' conspiracy claim fails under Illinois law because Plaintiffs allege no tortious act committed by either Defendant.  *See Fiala v. Bickford Senior Living Grp., LLC*, 2015 IL. App. (2d) 150067, ¶62 ("[T]he gist of the claim of civil conspiracy is not the agreement, but the tortious act carried out in furtherance of the agreement.")

Plaintiffs' conspiracy claim rests solely on the unsupported allegations that Defendants: (1) "conspired and agreed with each other to charge Plaintiffs . . . fees in excess of those permitted by law," and (2) "conspired and knowingly agreed with and between themselves, and the associations, to permit, encourage, cause and engage in unfair and other acts in violation of [ICFA], . . .[and] the Condo Act; and/or to induce and cause the associations . . . to violate and breach such associations' fiduciary duties to their members."  Compl. ¶¶65, 101.  However, Plaintiffs' use of the word "conspired," with no factual allegations whatsoever, is not "sufficient to nudge[] their claims across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly, 550 U.S. 544*, 570 (2007).

In any event, "[w]here, as here, [Plaintiffs] fail[] to state an independent cause of action underlying [their] conspiracy allegations, the claim for conspiracy also fails."  *Thomas v. Fuerst*, 345 Ill. App. 3d 929, 936 (2004).  Dismissal of Plaintiffs' claims upon which the conspiracy claim is based requires dismissal of the conspiracy claim itself.

**E.**     **Plaintiffs' Unjust Enrichment Claim Collapses with their Other Failed Claims, and It Is Independently Precluded By the Voluntary Payment Doctrine.**

Because Plaintiffs' unjust enrichment claim is predicated upon the same allegations of unlawful conduct as their other deficient claims, it must be dismissed.  *See Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) ("[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim - and, of course, unjust enrichment will stand or fall with the related claim.").

Plaintiffs allege that Defendants were unjustly enriched by "retain[ing] fees charged to Plaintiffs . . . in excess of the amount allowed by Illinois law and by aiding and abetting and conspiring in the associations' breach of fiduciary duties." Compl. ¶105. As an initial matter, this allegation is inconsistent with Plaintiffs' belief that HomeWise kept only the "click fee" for the Disclosure Documents, or what they seem to approximate to be the "reasonable fee" under the Condo Act. *Id.* ¶¶42-44. Nevertheless, because the claims supporting Plaintiffs' unjust enrichment claim independently fail, their unjust enrichment claim also fails.

Similarly, Plaintiffs unjust enrichment claim is barred by the voluntary payment doctrine. *See La Throp v. Bell Fed. Sav. & Loan Ass'n*, 68 Ill. 2d 375, 391 (1977) ("A person is not entitled to compensation on the grounds of unjust enrichment if he receives from the other that which it was agreed between them the other should give in return."). Plaintiffs voluntarily made payment to HomeWise in exchange for the Disclosure Documents, completely devoid of duress. *See* Part III.B(3), *supra*. Thus, Plaintiffs' unjust enrichment claim is barred as a matter of Illinois law.

## IV.    <u>CONCLUSION</u>

HomeWise requests that this Court dismiss the Complaint in full and with prejudice.

Dated: November 16, 2017                     Respectfully Submitted,

                                             */s/ Philip M. Oliss*


                                             Philip M. Oliss (6308268)
                                             SQUIRE PATTON BOGGS (US) LLP
                                             Three First National Plaza
                                             70 W. Madison Street, Suite 2015
                                             Chicago, Illinois 60602
                                             Tel. 312-781-2760
                                             philip.oliss@squirepb.com


                                             *Counsel for Defendant NextLevel*
                                             *Association Solutions, Inc., dba*
                                             *HomeWiseDocs.com*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT HOMEWISE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT** was served pursuant to Electronic Case Filing on November 16, 2017 upon:

David Fish
Kim Hilton
John Kunze
The Fish Law Firm, P.C.
Fifth Avenue Station
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 355-7590
dfish@fishlawfirm.com
admin@fishlawfirm.com

Stephen Sotelo
Homer Law Firm, P.C.
200 E. 5th Avenue, #123
Naperville, IL 60563
(630) 428-3311
ssotelo@homerlawoffices.com

Charles R. Watkins
Guin, Stokes & Evans, LLC
321 South Plymouth Court, Suite 1250
Chicago, IL 60604
(312) 878-8391
charlesw@gseattorneys.com

I hereby certify that a true and correct copy of the foregoing **DEFENDANT HOMEWISE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT** was served by email and first class mail on November 16, 2017 upon:

John R. Wylie
BarrettWylie, LLC
30 N. La Salle Street, Suite 3200
Chicago, IL 60602
(312) 269-0600
johnwylie@barrettwylie.com

*/s/ Philip M. Oliss*

- 17 -