IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH HORIST, JOSHUA EYMAN, and LORI EYMAN, | ) ) ) |
| Plaintiffs, | ) Case No. 1:17-cv-08113 ) |
| v. | ) District Judge Robert W. Gettleman ) |
| SUDLER AND COMPANY d/b/a SUDLER PROPERTY MANAGEMENT, HOMEWISE SERVICE CORP., INC., and NEXTLEVEL ASSOCIATION SOLUTIONS, INC., | ) ) ) ) ) ) |
| Defendants. | |

**DEFENDANT NEXTLEVEL ASSOCIATION SOLUTIONS, INC. DBA HOMEWISEDOCS.COM'S RESPONSE TO PLAINTIFFS' MOTION TO PROVIDE THE COURT WITH SUPPLEMENTAL AUTHORITY**

On Monday, February 26, Plaintiffs filed a Motion to Provide the Court with Supplemental Authority, referring the Court to *Midwest Medical Records Association v. Brown*, 2018 Ill App. (1st) 163230, and *Newman v. Metro. Life Ins. Co.,* 17-1844, 2018 WL 732912 (7th Cir. 2018). [ECF 35; ECF 36].

Defendant NextLevel Association Solutions, Inc. dba HomeWiseDocs.com ("HomeWise") does not object to the Court considering any case law that it deems relevant to this case. HomeWise objects to Plaintiffs' motion based on the timing of their presentation of this authority to the Court. The two decisions at issue were decided on February 1, 2018 and February 6, 2018, but Plaintiffs did not present them to the Court until after HomeWise filed its reply brief on February 20, 2018. Plaintiffs have provided no explanation for their decision to wait until after HomeWise filed its reply brief before disclosing these supplemental authorities. Irrespective of

the reason for the delay, its effect was to preclude HomeWise from meaningfully addressing this authority in its reply brief.

Had Plaintiffs brought their supplemental authority to the attention of the Court prior to the filing of HomeWise's reply brief, HomeWise would have had the opportunity to explain that the referenced cases do nothing to cure Plaintiffs' fatal pleading deficiencies. *Midwest Medical Records Association* does not support Plaintiffs' argument that they have sufficiently alleged duress. *Midwest Medical Records Association* concerned allegations that the plaintiffs had been charged an unauthorized filing fee under the Clerk of Courts Act. *Midwest Medical Records Association*, 2018 Ill App. (1st) 163230, at *1. Unlike in *Midwest Medical Records Association* where the plaintiffs specifically pleaded that they had no alternative to paying the fee other than abandoning "their constitutional right to challenge the interlocutory orders," Plaintiffs do not allege in the complaint that they would have been unable to obtain Disclosure Documents other than by ordering them from HomeWise. *See id.*

Moreover, *Midwest Medical Records Association* supports HomeWise's position that Section 22.1(c) of the Condo Act was not intended to create a private right of action for unit sellers like Plaintiffs. There, the court considered whether there was an implied right of action for the plaintiffs under the Clerk of Courts Act to dispute court filing fees. *Id.,* at *1, 9. The court affirmed that the statute was meant to "benefit counties that want to reduce court security costs or establish and maintain document storage or automated recordkeeping systems." *Id.*, at *9. The court dismissed the plaintiffs' arguments that the Clerk of Courts Act was "intended to primarily protect litigants and prohibit the Clerk from charging 'exorbitant fees for access to the courts.'" *Id.* In this case, the "reasonable fees" provision of the Condo Act, like the Clerk of Courts Act provision at issue in *Midwest Medical Records Association*, protects associations from having to bear the

costs of providing Disclosure Documents to purchasers by permitting associations to charge unit sellers for providing and copying those documents. *See* 765 ILCS 605/22.1(c). Implying a private right of action for Plaintiffs is not necessary to effectuate the purpose of the Condo Act any more than one was necessary under the Clerk of Courts Act in *Midwest Medical Records Association*.

Neither does *Newman v. Metro. Life Ins. Co.,* 17-1844, 2018 WL 732912 (7th Cir. 2018) save Plaintiffs' Illinois Consumer Fraud Act ("ICFA") claim. In *Newman*, the plaintiff alleged that, by doubling her premiums, her insurer "engaged in a bait-and-switch strategy, which (if proven) would offend Illinois's public policy." *Id.*, at *5. In finding that the plaintiff had stated a claim, the Seventh Circuit noted that Illinois had twice enacted statutes condemning the practice about which the plaintiff complained. *Id*. The case is inapposite here. No court has ever held that HomeWise (or a vendor like HomeWise) has violated Illinois public policy by offering a superior service than what is required of Plaintiffs' associations under Section 22.1 of the Condo Act. And no wonder: HomeWise stated a price to purchase documents and Plaintiffs voluntarily paid that price, without protest.

Dated: March 1, 2018

Respectfully submitted,

*/s/ Philip M. Oliss*
Philip M. Oliss (6308268)
Eleanor M. Hagan (*pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
Three First National Plaza
70 W. Madison Street, Suite 2015
Chicago, Illinois 60602
Tel. 312-781-2760
philip.oliss@squirepb.com
eleanor.hagan@squirepb.com

*Counsel for Defendant NextLevel Association Solutions, Inc., dba HomeWiseDocs.com*

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT NEXTLEVEL ASSOCIATION SOLUTIONS, INC. DBA HOMEWISEDOCS.COM'S RESPONSE TO PLAINTIFFS' MOTION TO PROVIDE THE COURT WITH SUPPLEMENTAL AUTHORITY** was served pursuant to Electronic Case Filing on March 1, 2018 upon:

David Fish
Kim Hilton
John Kunze
The Fish Law Firm, P.C.
Fifth Avenue Station
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 355-7590
dfish@fishlawfirm.com
admin@fishlawfirm.com

Charles R. Watkins
Guin, Stokes & Evans, LLC
321 South Plymouth Court, Suite 1250
Chicago, IL 60604
(312) 878-8391
charlesw@gseattorneys.com

John R. Wylie
BarrettWylie, LLC
30 N. La Salle Street, Suite 3200
Chicago, IL 60602
(312) 269-0600
johnwylie@barrettwylie.com

Stephen Sotelo
Homer Law Firm, P.C.
200 E. 5th Avenue, #123
Naperville, IL 60563
(630) 428-3311
ssotelo@homerlawoffices.com

Scott T. Stirling
Edward P. Gibbons
Arthur J. McColgan
Walker Wilcox Matousek LLP
1 N. Franklin Street, Suite 3200
Chicago, IL 60606
(312) 224-6702
sstirling@wwmlawyers.com
egibbons@wwmlawyers.com
amccolgan@wwmlawyers.com

/s/ Philip M. Oliss