IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH HORIST, JOSHUA EYMAN and LORI EYMAN, | ) ) ) |
| Plaintiff | ) Case No. 17 C 8113 ) |
| v. | ) ) Judge Robert W. Gettleman |
| SUDLER AND COMPANY, d/b/a SUDLER PROPERTY MANAGEMENT, HOMEWISE SERVICE CORP., INC., and NEXTLEVEL ASSOCIATION SOLUTIONS, INC., | ) ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Keith Horist, and Joshua and Lori Eyman, brought a five count putative class action complaint against defendants Sudler and Company d/b/a Sudler Property Management ("Sudler"), and HomeWise Service Corp., Inc., and Nextlevel Association Solutions, Inc. (jointly as ("HomeWise"), alleging: (1) violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1 (Count I); (2) violations of the Illinois Condominium Property Act, 765 ILCS 605/1 et seq. ("Condo Act") (Count II); (3) adding and abetting/inducement to breach fiduciary duty (Count III); (4) common law conspiracy (Count IV); and (5) unjust enrichment (Count V). HomeWise removed the case to this court under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Sudler and HomeWise have filed separate motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, those motions are granted.

## BACKGROUND

Plaintiff Horist owned a condominium unit at 400 East Ohio Street, Chicago, Illinois and was a member of the 400 East Ohio Association. Plaintiffs Joshua and Lori Eyman owned a condominium unit at 1515 S. Prairie Avenue, Chicago Illinois and were members of the (808) Prairie House at Central Stations Association (the "Prairie House Association").

Defendant Sudler is a property management company that was engaged by both the 404 East Ohio Association and the Prairie House Association to manage their operations. According to the complaint, HomeWise contracts with property managers to provide, via the internet, electronic copies of documents that sellers of condominium units are required by § 22.1 of the Condo Act to provide to prospective purchasers. The complaint alleges that Sudler's website has a drop-down menu "for its associations' homeowners who need 'selling information,'" and regardless of the association selected, Sudler's site forwards the person seeking selling information directly to the HomeWise internet site.

During 2017, both Horist and the Eymans contracted to sell their units. Claiming they had no other option, each had to obtain their selling information from HomeWise. Horist paid $240, consisting of $155 for a paid assessment letter, $80 for a § 22.1 resale certificate and a $5 convenience fee. The Eymans paid $365, consisting of $150 for a paid assessment letter, $205 for a § 22.1 "resale disclosure package with Assoc. docs." and a $5 convenience fee.

According to plaintiffs, HomeWise retained what plaintiffs describe as a minimal "click-fee" and then "kicked back" the rest of its fee to Sudler. Plaintiffs claim that the Associations indirectly benefit from this practice because it helps reduce Sudler's management fee.

**DISCUSSION**

Sudler and HomeWise have each moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Such a motion challenges the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). The court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor. Sprint Spectrum, L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The complaint must allege sufficient facts, that if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 549, 555 (2007). To be plausible on its face, the complaint must plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 556 U.S. at 678 (2009).

**I.     Condo Act**

Section 22.1(a) of the Condo Act provides that when an individual unit owner resells the unit, the unit "owner shall obtain from the Board of Managers and shall make available for inspection to the prospective purchaser upon demand," certain listed documents: (1) a copy of the declaration, bylaws, other condominium instruments and any rules and regulations; (2) a statement of any liens and a statement of the account of the unit including unpaid assessments and charges due; (3) any capital expenditures anticipated by the association within the next two years; (4) the status and amount of any reserves or replacement fund and any portion earmarked for specified projects; (5) a statement of the association's financial condition for the last fiscal year; (6) the status of any pending suits or judgments in which the association is a party; (7) a statement of insurance coverage provided to unit owners; (8) a statement that any improvement or alterations to

3

the unit made by the seller are in good faith believed to be in compliance with the condominium instruments; and (9) the identity and mailing address of the associations principal officer or of any other officer or agent specifically designated to receive notice. These documents are commonly referred to as the "Disclosure Documents" or § 22.1 disclosures.

The Condo Act further provides that "the principal officer of [the association] or such other officer as is specifically designated shall furnish the above information when requested to do so in writing and within thirty days of the request." 765 ILCS 605/22.1(b). Finally, subsection (c) provides that "a reasonable fee covering the direct out-of-pocket cost of providing such information and copying may be charged by the association or its Board of Managers to the unit seller for providing such information. 765 ILCS 605/22.1(c).

Plaintiffs argue that defendants have turned this process into a "profit center," by causing the associations managed by Sudler to stop providing disclosure documents, thereby effectively requiring unit sellers to utilize HomeWise. HomeWise then charges hundreds of dollars for providing the documents when the actual cost to do so is nominal because they are typically provided in portable document file ("PDF") format, and in large part are identical from seller to seller within the same association. Therefore, according to plaintiffs, there is little to no "direct out-of-pocket cost" to provide the documents, and defendants' charges violate § 22.1(c).

Defendants identify a number of problems with this argument, the first of which is that the complaint does not contain any factual allegation that defendants somehow caused the association to stop providing disclosure documents. Nor is there any allegation that the associations refuse to provide such documents upon request or, for that matter, if requested, directs the requester to Sudler or HomeWise thereby abdicating their responsibilities under the Act. The closest the

complaint comes is to allege that the association hired Sudler to manage the property, including to provide disclosure documents, and that Sudler hired HomeWise to provide those documents electronically. Consequently, the complaint fails to allege any facts to support plaintiffs' argument that defendants caused the associations to stop providing documents if actually requested in writing, or that defendants caused the associations to require plaintiffs to pay excessive fees to defendants.

The bigger problem for plaintiffs, however, is that the Condo Act, and specifically § 22.1, does not provide a private right of action for its enforcement. Consequently, to state a claim for damages for violation of § 22.1(c), plaintiffs must establish an implied right of action in their favor. They cannot.

In Illinois, "the absence of statutory language expressly authorizing a right of action does not preclude a private cause of action under a statute." D'Attomo v. Baumbeck, 2015 IL App. (2nd 140865 ¶ 35 (2nd Dist.) 2015 (citing Sawyer Realty Group, Inc. v. Jarvis Corp., 89 Ill.2d 379, 386 (1982) (holding that when a statute is enacted to protect a particular class of individuals, courts may imply a private cause of action for a violation of that statute although no express remedy has been provided.)). The determination of whether § 22.1(c) provides a private right of action to plaintiff requires application of a four part test. Id. ¶ 37 (citing Nikolopulos v. Balourdos, 225 Ill.App.3d 71, 77 (1st Dist. 1993). Under that test, an implied right of action exists if: (1) the plaintiff is within the class of persons the statute is designed to protect; (2) implying a cause of action is consistent with the underlying purpose of the statute; (3) the plaintiff's injury is one the statute is designed to prevent; and (4) implying a cause of action is necessary to effectuate the purpose of the statue. Nikolopulos, 245 Ill.App.3d at 77.

In Nikolopulos, application of these factors led the court to hold that an implied right of action existed under § 22.1 of the Condo Act for a buyer to terminate a sales contract "within a reasonable time after being furnished information revealing previously undisclosed material expense." Id. Application of the Nikolopulos court's reasoning, applied to the instant case, dooms plaintiffs' claim.

First, Nikolopulos held that § 22.1 of the Act "was clearly designed to protect prospective purchasers of condominium units." Id. The section is designed "to prevent prospective purchasers from buying a unit without being fully informed and satisfied with the financial stability of the condominium as well as the management, rules and regulations which affect the unit." Id. Thus, it is evident that the statute is designed to protect the purchasers, not sellers like plaintiffs. Indeed, § 22.1 contains no protection for sellers, only obligations. The language in §22.1(c) on which plaintiffs rely, "a reasonable fee covering the direct out-of-pocket costs of providing such information and copying may be charged by the association . . . to the unit seller for providing such information," is designed to relieve the association of the costs of providing the necessary disclosures. It does not provide protection to the seller. Consequently, the court concludes that plaintiffs are not among the class of persons the statute is designed to protect.

Nor would implying a cause of action in favor of plaintiff be consistent with the underlying purpose of the statute, which is to protect prospective purchasers, and any injury that plaintiffs might have incurred is not one the statute was designed to prevent. And, implying a private right of action for plaintiffs to recover damages against defendants is simply not necessary to effectuate the statute's purpose of protecting prospective purchasers. Consequently, the court concludes that plaintiff fails to state a claim under the Condo Act.

## II. ICFA

Plaintiffs allege that defendants' actions constitute a violation of the ICFA, which makes unlawful any unfair method of competition and unfair or deceptive acts or practices, including use of any deception, fraud or false pretense in the conduct of any trade or commerce. 805 ILCS 505/2. Plaintiffs claim that defendants engaged in an unfair trade practice by creating a scheme to charge plaintiffs more than is allowed by § 22.1(c) of the Act.

To state an ICFA claim plaintiffs must allege that: (1) a deceptive act or unfair practice occurred; (2) that defendants intended for plaintiff to rely on the deception; (3) the deception occurred in the course of conduct involving trade or commerce; (4) plaintiffs sustained actual damages; and (5) the damages were proximately caused by the defendants' deception. Phil. Idem. Ins. Co. v. Chicago Title Ins. Co., 771 F.3d 391, 402 (7th Cir. 2014).

To determine whether a practice is unfair under the ICFA, the court considers whether it (1) violates public policy; (2) is immoral, unethical, oppressive, or unscrupulous; and (3) causes substantial injury to consumers. Robinson v. Toyota Motor Credit Corp., 201 Ill.2d 403, 417 (2002) (citing Federal Trade Comm. v. Sperry & Hutchinson Co., 405 U.S. 233, 244 n.5 (1972). Conduct does not need to satisfy all three prongs to be deemed unfair. Robinson, 201 Ill.2d at 418. "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Id.

Defendants' conduct does not fall into either category (1) or (2). First, plaintiffs allege that defendants' scheme offends public policy because it violates the policy the legislature set out in the Condo Act to protect sellers from excessive charges. As concluded above, however, the act is designed to protect purchasers and the association, not sellers. Next, plaintiffs argue that

7

defendants have "caused the association . . . to stop supplying disclosure documents as a means of funneling sellers into the high-priced HomeWise system. As noted already, however, the complaint contains no such factual allegation.

Second, although the plaintiffs allege generally that defendants' conduct is oppressive because plaintiffs have no reasonable alternative than to use HomeWise, that argument is based entirely on their missing allegation that defendants have somehow caused the association to stop providing the disclosure documents when properly asked. The complaint does not contain even that general allegation, let alone any facts to support such a conclusion. Although plaintiffs do not have to allege that they attempted to get their documents from their association, they must, but have not, at least allege facts to plausibly suggest that the associations would not comply with their obligations under the act if requested properly to do so. See Ramirez v. Smart Corp., 371 Ill. App.3d 797, 802 (3rd Dist. 2007). Consequently, the court concludes that plaintiffs have failed to allege an unfair practice or a violation of the ICFA.

### III. Counts III through V

In Count III, plaintiffs allege that defendants have aided or induced the associations to violate their fiduciary duties owed to plaintiffs by allowing the defendants to overcharge them. In Count IV, plaintiffs allege that defendants conspired to overcharge plaintiffs. Count V is a claim for unjust enrichment. All three counts are predicated on plaintiffs' alleging either a violation of the Condo Act or the ICFA. Because the court has concluded that they have failed to allege those violations, the court dismisses Counts III, IV, and V.

## CONCLUSION

For the reasons described above, defendant HomeWise's motion to dismiss [Doc. 11] and defendant Sudler's motion to dismiss [24] are granted.[1]

**ENTER:**     April 24, 2018

**Robert W. Gettleman**
**United States District Judge**

---

[1] The parties have raised several other issues, such as principal-agent liability and the voluntary payment doctrine, which the court need not address given the ruling above.